In re ESTATE OF Michael
BOURQUE, a Minor.

Robert C. WEIS, Successor Conservator
of the Estate of Michael Bourque, a
Minor, Petitioner,

v.

Karen Rae BOURQUE, an Individual,
Respondent.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, a Corporation, Re-
spondent/Third–Party Plaintiff/Appel-
lant,

v.

MAGNA BANK OF ST. LOUIS,
a Missouri Corporation, Third–
Party Defendant/Respondent.

No. 63181.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 5, 1993.

James E. McDanial, Randall F. Scherck, Stuart J. Vogelsmeier, St. Louis, for petitioner.

J. Powell Carman, Edward L. Thomeczek, St. Louis, for respondent.

Karen Rae Bourque, pro se.

GRIMM, Presiding Judge.

In this probate case, minor's funds were deposited in a "restricted" money market account. When conservator defaulted, the court found that the amount restricted was the original amount deposited, but subsequent deposits were not restricted. Conservator's surety appeals; we affirm.

## I. Background

In November of 1988, Karen Bourque was appointed conservator of her son's estate. The estate arose from the settlement of son's medical malpractice claim. His estate received a lump sum plus $3,000 each month.

Conservator opened accounts at Landmark Bank, predecessor to Magna Bank of St. Louis. One was a money market account. It was restricted as of May 11, 1990.

Bank issued a "Receipt of Depositary and Proof of Restricted Account" dated May 11, 1990. Pertinent portions state:

> Depositor: Karen Bourque, Conservator of the
>
> Estate of: Michael Bourque, A Minor
>
> Savings Account ... Number: Money Market No. 0531002686
>
> Amount of Deposit: $4,906.04
>
> We hereby certify:
>
> That the above amount is now on deposit in this institution as evidenced by the attached letter.
>
> That the amounts on deposit as indicated above or any part thereof or any interest, dividends or income thereon may not be withdrawn, paid, redeemed, transferred, negotiated or liquidated except upon writ-

> ten order of the Probate Division of St. Louis County, Missouri....
>
> Dated this 11th day of May, 1990.

Conservator filed this receipt with the court on June 5, 1990. On that same day, the court found "that the amount of assets in the hands of the conservator Karen Rae Bourque have been reduced to $36,000.00." As a result, the court reduced the corporate surety bond to $36,000.00. Fidelity and Deposit Company of Maryland (F & D) provided conservator's bond.

During the following months, conservator apparently deposited many, if not all, of the $3,000 monthly checks in the money market account. However, she also withdrew funds from that account. She failed to keep and furnish receipts to the court indicating that the amounts withdrawn were used for son's benefit. As a result, the court removed her as conservator on January 24, 1991.

The court appointed Public Administrator Robert Weis as successor conservator. He filed a petition to determine the liability of (1) conservator as a defaulting fiduciary, (2) surety F & D, and (3) bank.

Following trial, the court found that conservator's liability was $48,706.80. As to the money market account, the court found bank's liability was the restricted amount of $4,906.04 plus interest. Also, the court entered judgment against F & D for $36,000 on its bond.

## II.

F & D asserts the trial court erred in denying its claim against bank because bank allowed conservator to withdraw funds from a restricted account. It contends that bank should be held liable for all funds conservator deposited into the money market account, not just the original amount of $4,906.04. If F & D's contention is correct, its liability would be less than the amount of its bond.

F & D's position is not supported by the evidence. The May 11 receipt reflects that the "Amount of Deposit" is $4,906.04. The receipt further states, "That the *amounts on deposit as indicated above* or any part thereof or any interest, dividends or

income thereon *may not be withdrawn,* ... except upon written order of the Probate Division...." (emphasis added).

The plain language of the receipt limits the amount restricted to $4,906.04. The receipt does not mention restrictions on any amount above that figure, except interest, dividends, or income. Specifically, it does not place any restriction on additional deposits.

Also, other evidence supports our conclusion. On May 31, 1990, conservator filed her amended annual settlement, showing assets of $127,787.38. Conservator had placed restrictions on all of her accounts. As a result, all of her son's money was bonded except for the monthly receipts. During the next year, conservator would receive twelve monthly payments of $3,000. Therefore, her bond was reduced to $36,000 to cover those amounts.

Funds in restricted accounts are bonded by virtue of §§ 473.160.2 and 473.207, RSMo 1986. Section 473.160.2 provides:

Any assets of an estate may be deposited at any time with a depositary upon such terms as may be prescribed by order of the court and the amount of the bond of the personal representative may be reduced in proportion to the value of the assets deposited. Such assets may not thereafter be withdrawn from deposit without an order of the court....

We emphasize three portions of this statute. They are: (1) "[a]ny assets of an estate," (2) the amount of the bond reduction relates to "the value of the assets deposited," and (3) "[s]uch assets" may not be withdrawn without a court order.

■ First, "[a]ny assets of an estate" must, by definition, relate to existing assets. Although son was to receive $3,000 each month, until a check is received, it is not a monetary asset for which the conservator is held accountable.

■ Second, when a conservator's bond is reduced, the amount of the reduction relates to "the value of the assets deposited." The value of the assets deposited obviously means the amount already deposited and restricted.

Otherwise, the court would be unable to determine how much it could reduce the bond.

■ Third, "[s]uch assets" may not be withdrawn without court order must refer to the opening clause, "[a]ny assets of an estate may be deposited." Thus, "[s]uch assets" refers to the deposited assets. The entire section makes clear that it is the original deposit which is restricted. This statute makes no provision for a bond's reduction before assets are deposited. F & D's contention that future deposits are restricted is not supported by the statute.

■ Further, when a depositary agrees to receive restricted funds, bonding provisions apply. Section 473.207, concerning surety bonds, applies "to a depositary which has executed a certification pursuant to section 473.160." As a result, all the funds conservator would control for a year were protected, either by F & D or bank.

The court made a similar observation. During trial, the court commented, "All we were bonding her for was the amount of income which was not limited—you know, limited access account, which was the $3,000 a month, which is $36,000."

■ However, in support of its contention, F & D points to a May 11, 1990 letter from bank to conservator's prior attorney. It said:

Money Market account No. 0531002686 in the amount of $4,906.04 is in the following name:

Karen Bourque Conservator of the Estate of Michael Bourque, A Minor

is restricted as to withdrawals. The only withdrawals that can be made are with the approval of the Probate Court.

F & D argues that this letter, together with the receipt and the initial deposit, "are part of the initial written contract created between the Bank and the Estate and the terms of the Receipt and letter require an Order of the Probate Court for withdrawals to be made. Clearly, pursuant to these documents, all sums deposited into the Account were restricted."

We disagree. As with the receipt, this letter refers to the amount that is restricted. It does not say that the entire account is

restricted. Instead, only a specific account number "in the amount of $4,906.04" is restricted. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, J., concur.